IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WATER KIDDE PORTABLE EQUIPMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:05CV1031 |
| UNIVERSAL SECURITY INSTRUMENTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This matter is currently before the Court on the following motions: Defendant Universal Security Instruments, Inc's ("Universal") Motion for Extension of Time to File Response/Reply to Complaint [Doc. # 6]; Universal's Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Doc. # 8]; Plaintiff Walter Kidde Portable Equipment, Inc.'s ("Kidde") Motion for Leave to File Declaration and Exhibits Under Seal [Doc. # 15]; Universal's Motion to Stay Pending Appeal [Doc. # 21]; Kidde's Motion for Summary Judgment of Infringement [Doc. # 23]; Kidde's Motion for Leave to File Declaration of Robert J. Trew Under Seal [Doc. #26]; and Kidde's Motion for Pretrial Conference Under Rule 16.1(b) [Doc. #29].

For the reasons set forth below, Universal's Motion for Extension of Time [Doc. # 6] is GRANTED. Universal's Motion to Dismiss for Lack of Subject Matter

Jurisdiction [Doc. # 8] is DENIED.  Kidde's Motion for Leave to File Declaration and Exhibits Under Seal [Doc. # 15] is DENIED.  Universal's Motion to Stay Pending Appeal [Doc. # 21] is DENIED as MOOT.  Kidde's Motion for Summary Judgment of Infringement [Doc. # 23] is DENIED WITHOUT PREJUDICE.  Kidde's Motion for Leave to File Declaration of Robert J. Trew Under Seal [Doc. #26] is GRANTED in part and DENIED in part.  Kidde's Motion for Pretrial Conference Under Local Rule 16.1(b) [Doc. #29] is DENIED.

I.

This case involves the alleged infringement of United States Patent No. 4,972, 181 (the "'181 patent") entitled "A.C. Powered Smoke Detector With Back-Up Battery Supervision Circuit."  Kidde has filed two actions in this Court asserting ownership of the '181 patent and alleging that certain Universal products infringe the '181 patent.  The first action, 03CV00537, ("Kidde I") which was filed on June 11, 2003, was dismissed on March 31, 2006 pursuant to a Motion for Voluntary Dismissal filed by Kidde on November 28, 2005.

One of the primary issues in Kidde I was whether Kidde had established ownership of the '181 patent, and thus had the requisite standing to sue for infringement, as of the date on which the Complaint in that matter was filed.  In particular, there was a serious question regarding whether a 1997 Purchase Agreement and 2003 Confirmatory Assignment of Patent were sufficient to confer ownership of the '181 patent on Kidde as of the date the Kidde I Complaint was

2

filed. Kidde filed the Motion for Voluntary Dismissal in order to "cure" the question of standing. [See Doc. #150 in 03CV00537)]. Universal appealed the dismissal to the United States Court of Appeals for the Federal Circuit. On March 2, 2007, the Federal Circuit affirmed the dismissal.[1]

Also on November 28, 2005, Kidde filed a substantially similar Complaint against Universal again alleging patent infringement. Universal was not served with a summons and complaint until March 28, 2006. Thus, Universal's response to the Complaint was due on April 17, 2006. On that date, Universal filed a timely Motion for Extension of Time to File Response/Reply to Complaint [Doc. # 6]. The Motion for Extension of Time [Doc. # 6] is GRANTED. On May 8, 2006, Universal filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12(b)(1) [Doc. #8] asserting that Kidde did not own the '181 patent and thus did not have standing to assert a cause of action for infringement.

In its Brief in support of the motion to dismiss, Universal reasserts the same arguments that were raised in Kidde I, particularly that the 1997 Purchase Agreement and the 2003 Confirmatory Assignment of Patent were insufficient to confer ownership of the '181 patent on Kidde. However, in this action, in an attempt to avoid any questions regarding ownership of the '181 patent, Kidde has obtained and produced a Patent Rights Assignment, dated November 25, 2005,

---

[1] Because the Federal Circuit has ruled on Universal's appeal, the Motion for Stay Pending Appeal [Doc. # 21] is DENIED as MOOT.

3

(the "2005 Patent Rights Assignment") in which Management Investment & Technology Company Limited purportedly assigned and transferred to Kidde "all right, title and interest in the '181 Patent including the exclusive right to bring suit and recover for all past, present, and future infringement thereof." [Doc. #16, ex.1].

Kidde did not attach the 2005 Patent Rights Assignment to the Complaint in this action but submitted it as an exhibit to its brief in Response to Universal's Motion to Dismiss for Lack of Jurisdiction. Universal had not seen the 2005 Patent Rights Assignment prior to Kidde's Response brief, and Universal filed a Motion for Extension of Time to File a Reply Brief [Doc. # 20] on June 19, 2006 seeking until June 26, 2006 to file a reply brief. The Court granted the Motion for Extension of Time on June 22, 2006 [Doc. #28], however, Universal never filed a reply brief in support of its motion to dismiss, impliedly conceding that the 2005 Patent Rights Assignment is sufficient to establish Kidde's ownership of the '181 patent and to confer standing on Kidde to file this infringement action.

Instead, Universal filed a Motion to Stay Pending Appeal, which, as noted above, is rendered MOOT by the Federal Circuit's recent opinion in that case. In the Motion to Stay Pending Appeal, Universal references the 2005 Patent Rights Assignment in passing, but does not make any specific arguments challenging its validity. [See Doc. #22 at 4] (referring to the 2005 Patent Rights Assignment as a "partially redacted facsimile copy of the purported assignment"). As such,

Universal's Motion to Dismiss for Lack of Jurisdiction [Doc. #8] is DENIED.[2]

II.

On June 21, 2006, Kidde filed a Motion for Partial Summary Judgment on the issue of infringement. [Doc. # 23]. In its response, Universal asserts that summary judgment in this matter is premature and cites Rule 56(f) of the Federal Rules of Civil Procedure.

Rule 56(f) requires that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Nguyen v. CNA Corp., 44 F.3d 234, 242 (4th Cir.1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)). The Fourth Circuit has explained that as "a general rule, summary judgment is appropriate only after "adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir.1996) (citations omitted). Moreover, "summary judgment must be refused where the nonmoving party has

---

[2] Kidde has filed a Motion to File Under Seal the 2005 Patent Rights Assignment. [Doc # 15]. In support of its motion, Kidde has asserted that the 2005 Patent Rights Assignment is "confidential." Previously, the Court allowed the 1997 Purchase Agreement to be filed under Seal, in part because that entire document had been marked "Confidential - Attorney's Eyes Only" pursuant to the Joint Stipulation and Protective Order entered in Kidde I. However, the 2005 Patent Rights Assignment contains no such designation, and Kidde has not established that it is "a trade secret or other confidential research, development, or commercial information" subject to being sealed under Rule 27(c)(7). Moreover, because the 2005 Patent Rights Assignment is the basis for the denial of Universal's Motion to Dismiss, it should remain part of the public record in this matter.

5

not had the opportunity to discover information that is essential to his opposition." Anderson, 477 U.S. at 250 n.5.

Universal asserts that summary judgment is premature because Universal has not filed an Answer to the Complaint, a 26(f) discovery scheduling conference has not been held, and a scheduling order has not been issued. Universal further asserts that discovery is needed regarding "claim construction, ownership of the patent, prosecution of the patent, and an array of other potential defenses." [Doc. #33 at 2]. Universal has supported its position with an affidavit from counsel. See Fed. R. Civ. P. 56(f).

In this case, although the parties may have been on the eve of trial in Kidde I when Kidde filed its motion for voluntary dismissal, the procedural posture in Kidde was different than that of the matter presently before the Court. In particular, in Kidde I, Kidde's experts had been excluded for failure to comply with the deadlines governing expert discovery. Because these experts had been excluded, it was not necessary for Universal to depose them. However, Kidde bases the instant motion for partial summary judgment on the declaration of Dr. Robert J. Trew,[3] one of the

---

[3] Kidde has filed a Motion to File Dr. Trew's Declaration Under Seal. [Doc. # 26]. Some of the documents have been marked "Confidential - Outside Counsel Only." Only the marked documents, and references to those documents within Trew's Declaration, may properly be filed under Seal. Within 10 days of the date of this Order, Kidde is instructed to file a redacted version of the Trew Declaration removing any exhibits bearing the "Confidential - Outside Counsel Only" designation and redacting any references to those documents within the Trew Declaration. A complete version of the Trew Declaration previously submitted will be kept under seal.

6

experts excluded in Kidde I. Because his testimony was excluded in Kidde I, Dr. Trew has not been deposed by Universal.

Kidde asserts that Universal had more than ample time to depose Dr. Trew after Kidde filed its motion for partial summary judgment and that Universal's failure to do so should not preclude the consideration of the summary judgment motion. As noted above, however, a discovery order has not yet been entered in this case. Moreover, even though entry of a discovery order may not have been a prerequisite to taking Dr. Trew's deposition, in its appeal to the Federal Circuit, Universal sought to have the exclusion of Kidde's experts be made a special condition to the dismissal of Kidde I. Until the Federal Circuit made its decision on March 2, 2007, Universal had some basis for believing that the Kidde I appeal could render this action moot or that Kidde's experts could be precluded from testifying in this case as a condition to the Kidde I dismissal. Thus, Universal had a reasonable basis to believe that it was not necessary to incur the expenses associated with deposing Dr. Trew.

After carefully considering Universal's opposition to summary judgment pursuant to Rule 56(f) and Kidde's arguments in favor of ruling on the motion, it is clear that summary judgment in this matter is premature and that Universal has properly invoked Rule 56(f). Discovery and development of the record will assist in resolving a summary judgment motion filed at the conclusion of discovery. Moreover, the interests of judicial economy are best served by a consolidated

motion for summary judgment at the close of discovery rather than through the piecemeal approach of numerous partial motions for summary judgment. Kidde's Motion for Summary Judgment on Infringement [Doc. # 23] is DENIED WITHOUT PREJUDICE and may be filed again at the close of discovery.

IV.

In sum, Universal's Motion for Extension of Time [Doc. # 6] is GRANTED. Universal's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. # 8] is DENIED. Kidde's Motion for Leave to File Declaration and Exhibits Under Seal [Doc. # 15] is DENIED. Universal's Motion to Stay Pending Appeal [Doc. # 21] is DENIED as MOOT. Kidde's Motion for Summary Judgment of Infringement [Doc. #23] is DENIED WITHOUT PREJUDICE. Kidde's Motion for Leave to File Declaration of Robert J. Trew Under Seal [Doc. #26] is GRANTED in part and DENIED in part. Having addressed all pending motions, it is not necessary for the parties to appear for a scheduling conference. Therefore, Kidde's Motion for Pretrial Conference Under Local Rule 16.1(b) [Doc. #29] is DENIED.

Universal has 23 days from the date of this Order to file its Answer to the Complaint. Kidde is instructed to file a redacted version of Dr. Trew's Declaration within 10 days of the date of this Order.

This the day of April 3, 2007

       /s/ N. Carlton Tilley, Jr.
   United States District Judge

8

Case 1:05-cv-01031-NCT-WWD   Document 44   Filed 04/04/07   Page 8 of 8