IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| WALTER KIDDE PORTABLE | ) | |
|---|---|---|
| EQUIPMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV01031 |
| | ) | |
| UNIVERSAL SECURITY | ) | |
| INSTRUMENTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM ORDER

TILLEY, District Judge

This case involves the alleged infringement of United States Patent No. 4,972,181 entitled "A.C. Powered Smoke Detector With Back-Up Battery Supervision Circuit." This matter is before the Court on Plaintiff Walter Kidde Portable Equipment, Inc.'s ("Walter Kidde") Motion for Leave to File Memorandum of Law and Materials in Support of Motion for Summary Judgment Under Seal [Doc. # 59].

Walter Kidde brings its motion for leave to file under seal pursuant to Federal Rule of Civil Procedure 26(c)(7). Federal Rule of Civil Procedure 26(c) is a discovery rule that allows a court to enter a protective order "for good cause shown" to protect a party during the discovery process from several harms, including "annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c)(7) specifically provides protection from disclosure of "trade secret or

other confidential research, development, or commercial information." However, when this discovery rule is applied to seal documents used in trial or in dispositive motions, such as Walter Kidde's motion for summary judgment [Doc. # 60], a "rigorous First Amendment standard" applies to protect the public's right to access. Virginia Dept. of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). As the Fourth Circuit has explained, when discovery materials are used as "part of a dispositive motion, they los[e] their status as being 'raw fruits of discovery,' and that discovery, 'which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court.'" Id. (quoting Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252 (4th Cir. 1988)).

The Fourth Circuit has provided a procedure for district courts to weigh the competing interests of the party who wishes to file under seal and the public who has a First Amendment right of access:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

Id.

On the current record in this case, the Court has insufficient information to use the procedure prescribed by the Fourth Circuit to weigh the competing interests. Walter Kidde merely states that it had to rely on confidential documents

2

to prepare its memorandum, it desires that the summary judgment documents not be made a part of the public record, that filing under seal will not prejudice either party, and that "[t]he Court has previously granted similar motions in the past." [Doc. # 59.] Walter Kidde has not provided sufficient reasons why its memorandum and each of the supporting declarations and exhibits should be filed under seal; how public disclosure of the memorandum and each supporting document could potentially harm the parties, or why less drastic alternatives, such as redacting sensitive information or only sealing certain documents, would be inappropriate. Finally, Walter Kidde's motion for leave to file under seal [Doc. # 59] provides only generalized reasons why the memorandum and supporting documents together should be sealed, but the Court will make an individual determination whether to seal each document, depending on the relative harm that could be caused by each document's public disclosure.

Within 10 days of the date of this Order, Walter Kidde is instructed to show cause in writing why its motion for leave to file under seal [Doc. # 59] should not be denied. Failure to respond to this show cause order will leave the Court with no alternative but to deny the motion for leave to file under seal [Doc. # 59].

This the 16th day of January, 2008.

/s/ N. Carlton Tilley, Jr.
United States District Judge